IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**TIFFANYE WESLEY,**
10231 Shiloh St.
Fairfax, VA 22030,

 *Plaintiff*,

v.

**ARLINGTON COUNTY GOVERNMENT,**
2100 Clarendon Blvd., Suite 511
Arlington, VA 22201,

 *Serve*:

 MinhChau Corr, Esq.
 Office of the County Attorney
 2100 Clarendon Blvd., Suite 403
 Arlington, VA 22201

 *Defendant*.

Civil No.: _____

## CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF

 Plaintiff Tiffanye Wesley brings this action against Defendant Arlington County Government under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 ("Title VII").

### JURISDICTION AND VENUE

 1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States, specifically Title VII.

 2. This Court has personal jurisdiction over Defendant because it employed Plaintiff in the Commonwealth of Virginia, and it conducts significant business in this judicial district.

1

3. Venue in this judicial district and division is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant does significant business in this district.

4. Venue in this judicial district and division is also proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant has extensive and deliberate contacts in this judicial district.

## PARTIES

5. Plaintiff is a resident of the State of Virginia and is a U.S. citizen.

6. Defendant is a county government in the Commonwealth of Virginia.

## ADMINISTRATIVE EXHAUSTION

7. Wesley timely filed charges of discrimination and retaliation with the Arlington County Human Rights Commission and the Equal Employment Opportunity Commission on April 22, 2024.

8. Following her constructive discharge on February 7, 2025, Wesley timely filed an amended charge form with the Equal Employment Opportunity Commission on February 25, 2025, to include her constructive discharge claim.

9. More than 180 days have passed since Wesley filed her initial charge and declaration under oath with the Equal Employment Opportunity Commission. The constructive discharge claim is reasonably related to Wesley's original EEOC complaint. Accordingly, Wesley has exhausted all administrative remedies.

## FACTUAL ALLEGATIONS

10. Arlington County hired Wesley as a fire fighter for the Arlington County Fire Department ("ACFD") on or around October 30, 1994.

11. Wesley earned certifications as a Fire Investigator, Fire Inspector, National Certified Bomb Technician, Law Enforcement for Fire Marshals, Hazardous Materials Technician, Health and Safety Officer, and member of the Emergency Operations Center.

12. AFCD promoted Wesley through the ranks and promoted her to Lieutenant in or around 2007, Fire/EMS Captain I in or around 2011, Fire/EMS Captain II (Assistant Fire Marshal/EOD Commander) in or around 2013, Fire/EMS Captain II (Station Commander) in or around 2015, Fire/EMS Battalion Chief (Operations) in or around 2018, and Deputy Chief in or around 2020.

13. ACFD named Wesley Personnel Services Deputy Chief in or around October 2020. Wesley's duties included staff supervision, administration of policies and procedures, planning and directing Health and Safety activities, recruitment, fire training academy, professional development, discipline, payroll, equity and inclusion, and promotions.

14. Wesley received a 4.5 year-end rating and a 10.5% raise in or around December of 2022. Fire Chief David Povlitz acknowledged Wesley's excellent performance and leadership over the course of the year when he informed her of her raise and rating on or around December 23, 2022.

15. ACFD hired a new Assistant Chief in or around March 2023. Originally, Povlitz planned to hire a non-uniformed Assistant Chief rather than a uniformed Assistant Chief.

16. Povlitz tasked Wesley with the hiring process for Assistant Chief, including scheduling interviews, reviewing resumes, and forming interview committees.

17. ACFD offered Jason Jenkins the Assistant Chief position because he had a fire department background, and he had the strongest resume.

18. Jenkins informed ACFD after being offered the Assistant Chief position that he did not want to join as a civilian but rather wanted to join as a uniformed Assistant Chief.

19. Wesley informed ACFD that if Jenkins wanted to join as a uniformed Assistant Chief, ACFD would have to open the position back up for uniformed personnel to apply. Wesley informed ACFD that she would apply if it opened the position again.

20. Wesley applied for the position when ACFD reopened the position to uniformed personnel, and ACFD again offered the Assistant Chief role to Jenkins.

21. Wesley became Support Services Deputy Chief in or around May of 2023.

22. Wesley commenced an investigation into sexually explicit texts sent to an ACFD employee from a burner phone in or around October of 2022. Harassing texts from burner phones are a longstanding and ongoing problem at ACFD, and ACFD employees have received texts from a burner phone since as far back as 2012. The County Manager and the general public are aware of these harassing texts and sexually explicit emails sent to members of ACFD, and local media has publicized the problem.

23. Jenkins met with certain female members of ACFD in or around August of 2023 when Wesley and Povlitz were out of town on ACFD business. The meeting attendees discussed a rape allegation that occurred in 2011, and other instances of the dismissive culture toward women, and after the meeting Wesley and 31 female members of ACFD sent a letter to the Arlington County Manager and Arlington County Board on or around August 28, 2023, objecting to the way investigations into sexual harassment and gender discrimination were handled at ACFD.

24. Wesley's and the other female employees' letter reported that female ACFD employees experienced sexual harassment and gender discrimination, and it listed several sexual harassment claims. Wesley was the highest-ranking female ACFD employee to sign the letter.

25. ACFD senior leadership isolated and excluded Wesley from critical meetings and no longer disseminated critical information to her after she signed the female employees' letter that reported that female ACFD employees experienced sexual harassment and gender discrimination.

26. Wesley met with 14 other female ACFD employees who signed the letter on a Zoom call on or around September 7, 2023, to discuss concerns that the allegations in the letter were not factually accurate.

27. An attendee implied during the Zoom meeting that Wesley did not do enough to investigate claims of sexual harassment when she was Personnel Services Deputy Chief, and Wesley explained that she had investigated all claims that came to her during her time as Personnel Services Deputy Chief. The meeting became emotionally charged, and Wesley made a vulgar comment.

28. Wesley sent Povlitz a letter withdrawing her name from the female employees' letter that reported that female ACFD employees experienced sexual harassment and gender discrimination on or around September 10, 2023, and in Wesley's September 10, 2023, letter to Povlitz she reported systemic racism and sexism at ACFD.

29. Specifically, Wesley alleged that there was a "good ole boy network" at ACFD and reported that some members of ACFD "devalue, bully, harass, and discriminate against women, minorities, and LGBTQ" employees.

30. Povlitz sent Wesley's September 10, 2023, letter to the Arlington County Manager and the County Board, and Povlitz and Jenkins subsequently told Wesley on or around September 12, 2023, that an employee had submitted a complaint alleging that Wesley created a hostile work environment, engaged in intimidation, and failed to do her job.

31. ACFD issued Wesley a notice of investigation on or around September 15, 2023. The notice did not indicate why ACFD was investigating Wesley.

32. Povlitz subsequently notified Wesley that ACFD would interview her about the charges against her on or around November 3, 2023.

33. Jenkins notified Wesley on or around November 8, 2023, that ACFD would interview her about statements made in the female employees' letter that reported that female ACFD employees experienced sexual harassment and gender discrimination, complaints about her conduct, complaints about the Life-scan investigation, and gender-based conduct within the department.

34. An investigator from a third-party investigative firm, Randy Sparks, interviewed Wesley on or around November 17, 2023, in an in-person interview that lasted approximately three hours and 20 minutes.

35. ACFD subsequently issued Wesley the lowest rating on a performance review that she had ever received in or around December of 2023. This performance review was only completed by Jenkins and only addressed the seven months in which Jenkins was Wesley's supervisor. The evaluation was in the form of bullets and said Wesley was given her low rating for uncivil conduct, although she had not been put on a performance improvement and had no counseling session relating to conduct.

36. Although ACFD members are supposed to meet with their reviewers prior to receiving their performance review, Jenkins gave Wesley her review without a meeting.

37. Although Povlitz should have provided the review's narrative for December of 2022 through March of 2023, he did not do so.

38. Povlitz informed Wesley that she would receive only a 4% increase on or around December 29, 2023. Povlitz justified this low pay increase by claiming that Arlington County was experiencing a "lean fiscal year."

39. Povlitz denied Wesley's request for travel reimbursement to attend a conference in or around January of 2024. This was the first time that ACFD ever denied a request from Wesley for travel expenses, and Wesley's presence at the conference was beneficial for the department because it was a national conference on accreditation, ACFD was in the process of being accredited, and Wesley was asked to be a speaker at the conference.

40. Wesley completed the prestigious Fire Service Executive Leadership Program but received no recognition from ACFD in or around March of 2024.

41. Povlitz called Wesley into his office and notified her that she had another allegation against her and a possible additional four allegations on or around April 2, 2024. Povlitz did not tell Wesley the subject of these allegations or who brought these allegations.

42. Wesley emailed Povlitz on or around April 22, 2024, and reported that it was not fair that ACFD would not tell her the subject of the additional allegations that were being brought against her.

43. Wesley filed a complaint with the Equal Employment Opportunity Commission on or around April 22, 2024, alleging that ACFD discriminated against her from October 30, 1994, to April 8, 2024, based on color, race, retaliation, and sex.

44. Wesley also alleged that ACFD retaliated against her after she signed the female employees' letter that reported that female ACFD employees experienced sexual harassment and gender discrimination and after she objected of the placement of firefighter Matthew White in her area of responsibility after he was relieved from duty due to multiple allegations of harassment and sexual harassment.

45. Wesley also alleged that ACFD retaliated against her by investigating frivolous claims against her, giving her an unfairly low performance review, reducing her performance-based pay increase, notifying her of additional complaints without any information pertaining to allegations, and denying travel and per diem reimbursement.

46. Wesley also noted that at least one other employee not in her protected class was not investigated or disciplined for egregious offenses and received a higher bonus than her.

47. The Office of Human Rights subsequently met with Wesley about the new allegations against her. Wesley asked about the additional four complaints that Povlitz had mentioned, and Wesley was told that there was only one complaint against her in addition to the September 2023 complaint.

48. In or about May of 2024 the AFCD gave Wesley the report from its November 2023 investigation into the September 2023 charges against her. The report states Wesley had in fact engaged in misconduct by sharing information learned solely by reason of her position.

49. The report claimed that ACFD "established that DC Wesley engaged in conduct on September 7, 2023, that violated § 2.3.2 and §2.3.14(i) of Chapter 17." However, the investigator said he did not make any findings about potential violations of Arlington County Administrative Regulation 2.7 as this regulation did not specifically relate to the complaint being investigated and that was providing the information just for ACFD's information.

50. The Office of Human Rights determined did not find that Wesley engaged in discrimination, but it recommended that Wesley take a refresher EEO training course and "be reminded of the County's expectation to treat others with respect." The report also said that Wesley "may benefit from workplace civility and interpersonal communications training."

51. ACFD issued Wesley a notice of allegations on or around June 6, 2024, while she was on approved vacation leave. Povlitz sent Wesley a text while she was boarding her plane to inform her of the notice of allegations.

52. Povlitz told Wesley that she needed to respond to the allegations by a date that fell while Wesley was on vacation. Wesley, through counsel, immediately asked for an extension until June 24, 2024, to respond to the allegations.

53. Wesley, through counsel, submitted a response to the June 6, 2024, allegations, and Povlitz issued Wesley a notice of recommendation to demote on or around July 18, 2024.

54. Wesley took workers' compensation leave after returning from vacation until October of 2024 to deal with an aggravated neck injury, as the stress of ACFD's investigations into the charges against Wesley aggravated a previous neck injury.

55. Wesley took sick leave in or around October 2024 and is on sick leave to the present time.

56. Wesley attended a factfinding on or around December 16, 2024, on the notice of proposed demotion, and Povlitz issued a factfinding report on or around December 27, 2024, in which he again recommended Wesley's demotion to the rank of battalion chief.

57. Wesley responded to the proposed demotion on January 2, 2025, and the County Manager decided to demote Wesley to battalion chief on or around January 15, 2025. Wesley's demotion became effective on January 26, 2025.

58. ACFD's constructively discharged Wesley on February 7, 2025.

59. Wesley has sustained economic damages, and mental anguish as the result of Defendant's illegal actions, and she will continue to sustain damages into the future.

**COUNT I**
**Title VII- Discrimination**
**42 U.S.C. § 2000e** *et seq.*

60. Plaintiff incorporates all allegations of the preceding paragraphs as though alleged herein.

61. Plaintiff is an "employee" as defined in 42 U.S.C. § 2000e(f).

62. Defendant is an "employer" as defined in 42 U.S.C. § 2000e(b).

63. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin" or "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

64. Defendant unlawfully discriminated against Plaintiff on the basis of her sex (female) and race (African American) when it lowered her performance rating, lowered her annual pay raise, denied her travel and *per diem* expense reimbursement, and demoted her to battalion chief.

65. Defendant's discriminatory conducts constitute constructive discharge as the cumulative adverse actions created working conditions so intolerable that Plaintiff was compelled to retire on February 7, 2025.

66. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is continuing to suffer injuries, including, but not limited to, damage to her career and damage to her professional and personal reputation.

### COUNT II
### Title VII Retaliation
### 42 U.S.C. § 2000e *et seq.*

67. Plaintiff incorporates all allegations of the preceding paragraphs as though alleged herein.

68. Plaintiff is an "employee" as defined in 42 U.S.C. § 2000e(f).

69. Defendant is an "employer" as defined in 42 U.S.C. § 2000e(b).

70. Title VII, 42 U.S.C. § 2000e-2(a), makes it unlawful for an employer to terminate an employee on the basis of her opposition to discrimination on the basis of race or sex.

71. Plaintiff engaged in protected activity when she opposed race and sex discrimination within ACFD.

72. Defendant retaliated against Plaintiff because of her protected activity when it assigned males to her division who had been relieved of duty, lowered her performance rating, lowered her annual pay raise, denied her travel and *per diem* expense reimbursement, and demoted her to battalion chief.

73. Defendant's retaliatory conducts constitute constructive discharge as the cumulative adverse actions created working conditions so intolerable that Plaintiff was compelled to retire on February 7, 2025.

74. For Defendant's unlawful retaliation against Plaintiff in violation of Title VII, Plaintiff is entitled to such legal or equitable relief as will effectuate the purposes of the Title VII,

including but not limited to reinstatement, economic and compensatory damages, and reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests that the Court enter judgment in her favor and award to her the following relief:

a. Legal and equitable relief, including reinstatement;

b. Economic and compensatory damages;

c. Liquidated damages;

d. Attorney's fees and costs;

e. Pre-judgment interest; and

f. Any other relief that this Court deems just and equitable.

## WAIVER OF RIGHT TO TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and pursuant to the local rules of this Court, Plaintiff waives her right to a jury trial as to all issues so triable.

Respectfully submitted,

/s/ Anita M. Chambers
R. Scott Oswald, VSB # 41770
soswald@employmentlawgroup.com
Anita Mazumdar Chambers, VSB # 89067
achambers@employmentlawgroup.com
Tae Hoon Yang (*to be admitted Pro hac vice*)
tyang@employmentlawgroup.com
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, D.C. 20006
(202) 261-2821 (telephone)
(202) 261-2835 (facsimile)